IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COTRELL T. KNIGHT,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>　　　　　Defendant. | 8:24CV333<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff Cotrell T. Knight's ("Plaintiff") Complaint, Filing No. 1, Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, and what the Court construes as a Motion for Summons, Filing No. 5. For the reasons that follow, the Court will grant Plaintiff leave to proceed in forma pauperis, will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2), and will deny the Motion for Summons as moot.

## I.  IFP MOTION

On August 26, 2024, Plaintiff submitted a Form Pro Se 12 Complaint for Interpleader and Declaratory Relief, the caption of which identifies the "State of Nebraska" as the plaintiff and Plaintiff as one of the defendants.[1]  Filing No. 1 at 1.  Also attached to the Complaint is a document titled "Notice of Removal" from which it appears Plaintiff is attempting to remove a state criminal case filed against him in the County Court of Douglas County, Nebraska, at case number CR24-13025.  Id. at 8–12.

---

[1] The Court notes the Complaint included an attached copy of a Power of Attorney designating Plaintiff's mother, Phyllis Marie Knight Bey ("Knight Bey"), as his power of attorney.  Filing No. 1 at 13.  Based on that Power of Attorney and the similarities between Plaintiff's signature on the Complaint and other documents filed in this Court by Knight Bey, the Court suspects that Knight Bey signed the Complaint and filed the Complaint on Plaintiff's behalf.  Compare Filing No. 1 at 7 with Filing No. 1 at 11, Case No. 8:24CV458.

Though not indicated in his Complaint or accompanying IFP Motion, the Court is aware from a separate case filed by Plaintiff on the same date as the present case, that Plaintiff was, and still is, incarcerated in the Douglas County Department of Corrections. *See* Filing No. 2, Case No. 8:24CV332; https://corrections.dccorr.com/inmate-locator (last visited April 8, 2025).

Normally, prisoner plaintiffs are required to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). However, as it appears that Plaintiff may be attempting to remove his state criminal case to this Court, the Court concludes Plaintiff should be relieved from paying the filing fee in this instance. *See Kyles v. Nebraska*, No. 8:22CV290, 2022 WL 3597765, at *1 (D. Neb. Aug. 23, 2022) ("A filing fee is not required for the removal of a state criminal prosecution to federal court.") (citing *Lefton v. City of Hattiesburg*, 333 F.2d 280, 285 (5th Cir. 1964)). Accordingly, Plaintiff's IFP Motion is granted, and the Court will review his Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## II.  SUMMARY OF COMPLAINT

As stated above, Plaintiff submitted his Complaint on the pro se form interpleader complaint naming the State of Nebraska as the purported plaintiff and listing himself as a defendant, along with Antonio Guterres ("Guterres") of the United Nations, Merrick B. Garland ("Garland") of the United States Department of Justice, and former Secretary of State Antony J. Blinken ("Blinken"). Filing No. 1 at 1–2. Plaintiff offers no explanation why Guterres, Garland, and Blinken are included as defendants, and the Court can discern none. Plaintiff checks the box on the form indicating this is an interpleader

action brought under Federal Rule of Civil Procedure 22 and that jurisdiction arises under federal law, namely

> 28 USC 1442(a)(1); 18 USC 2441, 2331; 34 USC Ch. 201. Victims Rights, Compensation, and Assistance; United Nations Charter [Chapter I Article 2(7), Chapter VII]; Universal Declaration of Human Rights; International Convents on Human Rights; Vienna Declaration and Programme of Action; Geneva Convention (IV) relative to the Protection of Civilians 1949 Person in Time of War, Geneva, 12 August 1949 [Article 54 - JUDGES AND PUBLIC OFFICIALS]; The Justice for Victims of War Crimes Act; 34 USC § 20106.

Filing No. 1 at 3 (brackets in original).

Plaintiff identifies himself as a "State ex rel. juridical person with civil, political, and human rights." *Id*. at 2. In the space provided in the form complaint for "The Amount in Controversy," Plaintiff alleges "[t]he amount at stake is $10,000,000.00 for 'grave breaches' of international contract, violation of the War Crimes Act of 1996, violation of the Uniform Code of Military Justice (UCMJ) enacted by Congress . . . ." *Id*. at 4. Plaintiff later alleges that "[t]he property in controversy is worth $1,300,000,000.00" and, as best the Court can tell, the property appears to be "Cotrell T. Kn[i]ght['s] birth certificate [which] is the primary bond for its value is unlimited and it was created for the benefit of the United States of America." *Id*. at 6 (capitalization altered from original).

In his "Statement of Interpleader Action" in response to the prompt to "[d]escribe the property that is the subject of this interpleader action, and explain why you are in possession of the property[ and] why each of the defendants claims an entitlement to the property," Plaintiff alleges:

> COTRELL T KNIGHT created for the benefit of the United State [sic] of America and devised by human laws is the subject of this inte[r]pleader action pursuant to section 12(b) or (g) of the Securities and Exchange Act

3

> of 1934 is the subject of interpleader action by the United Nations. Government Regulation: Under Treaty: United Nations Commission on International Trade Law (UNCITRAL CONVENTION). The DOJ Human Rights and Special Prosecution Section investigates and prosecutes human rights violations.

*Id*.

Finally, in response to the prompt to "[e]xplain why you are in great doubt as to which defendant(s) is/are entitled to the property subject to the interpleader action" and "why you cannot determine which claim(s) is/are valid without exposing yourself to potential double litigation," Plaintiff alleges:

> There is no great doubt as to which defendant(s) are entitled to intervene in this matter on application for enforcement measures bound to Chapter VII of the Charter of the United Nations. Title 28 U.S.C.§ 2201 allowing the issurance [sic] of declaratory judgment in cases with the courts' jurisdiction, is procedural and restricted to "cases" and controversy in the constitutional sense. President Biden signed into law on January 5, 2023 (JVWC) expanding the jurisdiction of War Crimes Acts to include federal jurisdiction.

*Id*.

As indicated above, Plaintiff also attached a document titled "Notice of Removal" to his Complaint, which refers to case number CR24-13025 in the Douglas County Court (hereinafter the "Criminal Case") and, liberally construed, seeks to remove the Criminal Case to federal court "pursuant to Title 28 U.S.C. § 1442(a)(1) [because] this case is directly related to public officials and judges . . . acting under color of office or in the performance of his duties (d)(2) express their beliefs by acts of violence not permitted under the laws of war." *Id*. at 8. The Court takes judicial notice of Plaintiff's Criminal Case records which show that, on September 4, 2024, Plaintiff entered no contest pleas to obstruction of administration of law and disturbing the peace and was

4

sentenced to concurrent terms of six days in jail on each count with credit for time and costs served.[2]

### III.  STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  See 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  Plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

---

[2] The relevant record is attached to this Memorandum and Order.  See *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).  This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).  However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law.  Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

## IV.  DISCUSSION

### A.  Notice of Removal

The Court liberally construes Plaintiff's Notice of Removal as being brought pursuant to 28 U.S.C. §§ 1443 and 1455.  While Plaintiff cites to 28 U.S.C. § 1442(a)(1) as the basis for removal, that section is inapplicable as neither the United States nor any of its agencies or officers were parties to the Criminal Case.

A defendant who wishes to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action."  28 U.S.C. § 1455(a).  In addition, "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time."  28 U.S.C. § 1455(b)(1).  Further, "[i]f it clearly

appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

While it appears Plaintiff sought to remove his criminal case within 30 days of his arraignment, his Notice of Removal does not contain a short and plain statement of the grounds for removal nor does it include a copy of all process, pleadings, and orders served upon Plaintiff in the Criminal Case. Moreover, the Court finds removal is improper under 28 U.S.C. § 1443.

The federal statute governing the removal of criminal prosecutions from state court to federal court provides, in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . .

28 U.S.C. § 1443.

To demonstrate that removal is proper under § 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997). Stated differently, "the right denied defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of racial equality," and "the defendant must be unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state in question." *Conrad v. Robinson*, 871 F.2d 612, 614–15 (6th Cir. 1989) (citing *Johnson*

*v. Mississippi*, 421 U.S. 213, 219 (1975)).  Here, Plaintiff does not allege he was denied any civil rights on racial grounds or under a federal equal-rights law.  Rather, he alleges in conclusory fashion that he was falsely charged in the Criminal Case in violation of the Justice for Victims War Crimes Act.  Filing No. 1 at 8–12.  Such allegations fail to establish that removal is warranted under 28 U.S.C. § 1443.  In any case, the Criminal Case is clearly no longer pending and, thus, there is nothing to remove to this Court.

**B.  Complaint for Civil Action**

To the extent Plaintiff's Complaint may be construed as a complaint for a civil action, the Court finds the Complaint fails to state a claim upon which relief may be granted under the federal pleading rules.  Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).  While complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see* *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must comply with the Federal Rules of Civil Procedure.  Here, Plaintiff's Complaint fails to meet this minimal pleading standard.

Even when liberally construed, Plaintiff's Complaint offers nothing more than a mere string citation to various federal statutory provisions with no discernible relevance to the parties involved or any factual allegations indicating how such provisions may have been violated or why Plaintiff may be entitled to relief under such provisions.

"Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone, 364 F.3d at 914 (internal citations omitted); see also Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). In assessing whether a complaint contains sufficient facts, the Court may disregard legal conclusions that are stated as factual allegations. See Iqbal, 556 U.S. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2); citation omitted)). Plaintiff's Complaint falls far short of these pleading standards.

Plaintiff's Complaint also fails to provide fair notice of his claims as he uses an interpleader form to apparently seek review of his Criminal Case. Though Plaintiff alleges this is an interpleader action under Federal Rule of Civil Procedure 22, Plaintiff alleges no facts suggesting the provisions of that rule providing grounds for interpleader by either a plaintiff or a defendant apply here. A plaintiff may join as defendants "[p]ersons with claims that may expose a plaintiff to double or multiple liability" and require the defendants to interplead, while "[a] defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim." Fed. R. Civ. P. 22(a). Nothing

in the Complaint suggests why interpleader applies here, and the Court concludes that dismissal is appropriate.

## V. CONCLUSION

Upon review, the Court finds Plaintiff's attempt to remove his Criminal Case to federal court is improper, and, to the extent Plaintiff seeks to bring a civil action, his Complaint is largely unintelligible, fails to comply with Federal civil rules of pleading, and fails to state a claim upon which relief may be granted. Accordingly, the Court will dismiss this matter without prejudice pursuant to 28 U.S.C. § 1915(e)(2) and without leave to amend as the Court concludes amendment would be futile.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is granted, and the Complaint shall be filed without payment of fees.

2. This matter is dismissed without prejudice.

3. The Court will enter judgment by a separate document.

4. Plaintiff's pending Motion for Summons, Filing No. 5, is denied as moot.

5. The Clerk of the Court is directed to send a copy of this Memorandum and Order and the accompanying Judgment to Plaintiff at the address on file in this case and at the address listed for Plaintiff in Case No. 8:24CV454 at the Douglas County Jail.

Dated this 9th day of April, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

| | |
|---|---|
| Image ID: F00423427C01 | **JOURNAL ENTRY AND ORDER** |

```
                  IN THE COUNTY COURT OF DOUGLAS COUNTY, NEBRASKA
ST V. COTRELL T KNIGHT                          Printed on   9/04/2024 at   2:22
                                                                      Room 01C27
  Case ID:   CR 24    13025                                              Page  1
  Citation: K  1209766                           Date of Hearing   9/04/2024
================================================================================
CHARGES(AMENDMENTS/PLEAS/FINDINGS/FINES/PRESENTENCE/JAIL/DISMISSALS)
CHARGE              STATUTE                DESCRIPTION              CLASS  TYPE

  01              20-22             RESISTING ARREST                       MSD
    Charge dismissed on the motion of the prosecutor with prejudice

  02              20-21             OBSTRUCT ADMIN OF LAW                  MSD
    Plea: No Contest    Found: Guilty            Jail:   6 days concurrent

  03              28-1322            Disturbing the peace           3      MSD
    Plea: No Contest    Found: Guilty            Jail:   6 days concurrent

A P P E A R A N C E S   A N D   A D V I S E M E N T
    Judge               Beau Finley
    Defendant           COTRELL T KNIGHT
    Defense Counsel     Tierney,Max,Dillard,
    Prosecutor          Brent D Quandt
  Defendant advised of the nature of the above charges, all possible penalties, effect
    of conviction on non-citizens, and each of the following rights: Counsel; Appointed
    Counsel; Trial; Jury Trial; Confront Accusers; Subpoena Witnesses; Remain Silent;
    Request Transfer to Juvenile Court; Defendant's Presumption of Innocence; State's
    Burden of Proof Beyond Reasonable Doubt (clear and convincing in cases of probation
    violations); Right to Appeal.
  Defendant previously advised of the nature of the above charges, all possible
    penalties and rights.

A R R A I G N M E N T
  Defendant advised of and waived rights.
  Defendant enters above pleas.
  Pleas entered knowingly,  intelligently, voluntarily, and a factual basis for
    plea(s) found.
  Court finds as shown above.
  Charges dismissed as shown above.

B O N D   I N F O R M A T I O N
  Bond  183326 for       $10,000.00 TEN filed on  8/12/2024
                            Balance Held         $900.00
    BOND ORDERED:   Released                                               ****
  Bond  183547 for       $10,000.00 TEN filed on  8/26/2024
                            Balance Held         $900.00
    BOND ORDERED:   Released                                               ****

S E N T E N C I N G
  Defendant was granted allocution and sentence was pronounced by the Court.
  Defendant to stand committed to the Douglas County Correctional Center       ,
    until fines and costs are paid.
```

*last visited April 8, 2025*

| | | |
|---|---|---|
| **CASE FILE COPY** | **FILED BY**<br>Clerk of the Douglas County Court<br>09/04/2024 | **JOURNAL ENTRY AND ORDER** |

```
Image ID: F00423427C01              JOURNAL ENTRY AND ORDER
```

```
                    IN THE COUNTY COURT OF DOUGLAS COUNTY, NEBRASKA
ST V. COTRELL T KNIGHT                           Printed on   9/04/2024 at   2:22
                                                                       Room 01C27
 Case ID:  CR 24    13025                                                 Page  2
 Citation: K  1209766                            Date of Hearing   9/04/2024
================================================================================
```

**S E N T E N C I N G  continued**
   Defendant is sentenced to the Douglas County Correctional Center    , for terms
      as shown above, and is to pay costs of this prosecution.
   Credit for time and costs served.
   Defendant to pay Court Costs          $49.00
                    Other                 $1.00
   Inquiry has been made regarding the Defendant's financial ability to pay fines
      and costs and the Court finds the Defendant is able to pay the same at this time
      or by making payments over a period of time.

**A D D I T I O N A L   E N T R I E S   O F   R E C O R D**
   Defendant advised that if you are not a United States citizen, you are
   hereby advised that conviction of the offense for which you have been
   charged may have the consequences of removal from the United States,
   or denial of naturalization pursuant to the laws of the United States,
   pursuant to Neb. Rev. Stat. 29-1819.02 (1)   (Reissue 2008).

   By agreement of the parties.

   Oral factual basis was provided by the State.

   The Defendant is given credit for time and costs served.

**A D D I T I O N A L   E N T R I E S   O F   R E C O R D**

```
 Hon.    ___[signature]___           9/04/2024      A. Hurless
           Beau Finley                 Date            Bailiff
                                                Tape Nos. Digital Recording
```

*Last visited April 8, 2025*

Journal Entry and Order(s) copies to:
   Podraza,Jill,A,                    CourtRegEfiling@cityofomaha.org
   DEFENDANT
   Tierney,Max,Dillard,               max.tierney@douglascounty-ne.gov

**FILED BY**
Clerk of the Douglas County Court
09/04/2024

CASE FILE COPY

JOURNAL ENTRY AND ORDER